William W. Funderburk Jr. (SBN 176244)
Anna L. Le May (SBN 258312)
CASTELLÓN & FUNDERBURK LLP
811 Wilshire Blvd., Suite 1025
Los Angeles, CA 90017
Telephone: (213) 623-7515
Facsimile: (213) 532-3984
wfunderburk@candffirm.com
alemay@candffirm.com

Attorneys for Defendant A & S METAL RECYCLING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LOPEZ,<br><br>Plaintiff,<br>v.<br><br>A & S METAL RECYCLING, INC.,<br><br>Defendant. | Case No. 2:17-cv-01735-GW-AFM<br><br>**DEFENDANT A & S METAL RECYCLING INC.'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**<br><br>**Complaint Filed: 03/03/17** |

Defendant A & S Metal Recycling, Inc. (hereinafter "Defendant") answers the complaint of Plaintiff Jorge Lopez (hereinafter "Plaintiff") by admitting, alleging, and denying as follows:

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation in the Complaint.

## INTRODUCTION

1. Defendant denies each and every allegation contained in Paragraph 1.

2. Defendant denies each and every allegation contained in Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis the allegations are denied. To the remaining allegations of Paragraph 3, Defendant denies each and every remaining allegation.

## JURISDICTION AND VENUE

4. In response to Paragraph 4 of the Complaint, Defendant admits that this is a civil suit brought under the citizen suit enforcement provision of the Clean Water Act. Defendant denies all other allegations.

5. In response to Paragraph 5 of the Complaint, Defendant asserts that Plaintiff did not provide sufficient notice of any alleged violations. To the remaining allegations of Paragraph 5, Defendant denies each and every remaining allegation.

6. In response to Paragraph 6 of the Complaint, Defendant asserts that Plaintiff did not provide sufficient notice of any alleged violations. Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis, the allegations are denied.

7. In response to Paragraph 7 of the Complaint, Defendant admits that more than sixty days have passed since August 22, 2016. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis, the allegations are denied.

8. Defendant admits that the venue alleged in Paragraph 8 is proper. To the extent Plaintiff alleges in Paragraph 8 that Defendant violated the Clean Water Act, Defendant denies such allegations.

**PARTIES**

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis the allegations are denied.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis the allegations are denied.

11. In response to Paragraph 11 of the Complaint, Defendant admits that it is an active California corporation with principle offices located at 2261 E. 15th Street, Los Angeles, California 90021. Defendant denies each and every remaining allegation contained in Paragraph 11.

12. In response to Paragraph 12 of the Complaint, Defendant admits that it owns and operates the Facility at 2261 E. 15th Street, Los Angeles, California 90021. Defendant denies each and every remaining allegation contained in Paragraph 12.

13. Paragraph 13 contains partial statements which no response is required. To the extent Paragraph 13 contains any factual allegations, Defendant denies those allegations.

14. Paragraph 14 contains partial statements which no response is required. To the extent Paragraph 14 contains any factual allegations, Defendant denies those allegations.

## REGULATORY BACKGROUND

15. Paragraph 15 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 15 contains any factual allegations, Defendant denies those allegations.

16. Paragraph 16 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 16 contains any factual allegations, Defendant denies those allegations.

17. Paragraph 17 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 17 contains any factual allegations, Defendant denies those allegations.

18. Paragraph 18 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 18 contains any factual allegations, Defendant denies those allegations.

19. Paragraph 19 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 19 contains any factual allegations, Defendant denies those allegations.

20. Paragraph 20 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 20 contains any factual allegations, Defendant denies those allegations.

21. Paragraph 21 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 21 contains any factual allegations, Defendant denies those allegations.

22. Paragraph 22 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 22 contains any factual allegations, Defendant denies those allegations.

23. Paragraph 23 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 23 contains any factual allegations, Defendant denies those allegations.

24. Paragraph 24 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 24 contains any factual allegations, Defendant denies those allegations.

25. Paragraph 25 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 25 contains any factual allegations, Defendant denies those allegations.

26. Paragraph 26 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 26 contains any factual allegations, Defendant denies those allegations.

27. Paragraph 27 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 27 contains any factual allegations, Defendant denies those allegations.

28. Defendant denies each and every allegation contained in Paragraph 28 on the grounds that the Basin Plan speaks for itself.

29. Paragraph 29 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 29 contains any factual allegations, Defendant denies those allegations.

30. Defendant denies each and every allegation contained in Paragraph 30 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves. Furthermore, Paragraph 30 contains partial statements and

conclusions of law to which no response is required. To the extent Paragraph 30 contains any factual allegations, Defendant denies those allegations.

31. Defendant denies each and every allegation contained in Paragraph 31 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves. Furthermore, Paragraph 31 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 31 contains any factual allegations, Defendant denies those allegations.

32. Defendant denies each and every allegation contained in Paragraph 32 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves. Furthermore, Paragraph 32 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 32 contains any factual allegations, Defendant denies those allegations.

33. Paragraph 33 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 33 contains any factual allegations, Defendant denies those allegations.

34. Paragraph 34 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 34 contains any factual allegations, Defendant denies those allegations.

35. Defendant denies each and every allegation contained in Paragraph 36 on the grounds that the complete 2015 Permit speaks for itself.

36. Defendant denies each and every allegation contained in Paragraph 36 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves.

37. Defendant denies each and every allegation contained in Paragraph 37 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves. Furthermore, Paragraph 37 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 37 contains any factual allegations, Defendant denies those allegations.

38. Defendant denies each and every allegation contained in Paragraph 38 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves.

39. Defendant denies each and every allegation contained in Paragraph 39 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves.

40. Defendant denies each and every allegation contained in Paragraph 36 on the grounds that the complete 1997 Permit speaks for itself.

41. Defendant denies each and every allegation contained in Paragraph 41 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves. Furthermore, Paragraph 41 contains partial statements and conclusions

of law to which no response is required. To the extent Paragraph 41 contains any factual allegations, Defendant denies those allegations.

42. Defendant denies each and every allegation contained in Paragraph 42 on the grounds that the complete 2015 Permit speaks for itself.

43. Defendant denies each and every allegation contained in Paragraph 43 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves.

44. Defendant denies each and every allegation contained in Paragraph 44 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves.

45. Defendant denies each and every allegation contained in Paragraph 45 on the grounds that the complete 2015 Permit speaks for itself.

46. Defendant denies each and every allegation contained in Paragraph 46 on the grounds that the complete 1997 Permit speaks for itself.

47. Defendant denies each and every allegation contained in Paragraph 47 on the grounds that the complete 2008 MGSP Permit and 2015 Permit speak for themselves. Paragraph 47 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 47 contains any factual allegations, Defendant denies those allegations.

48. Defendant denies each and every allegation contained in Paragraph 48 on the grounds that the complete 2015 Permit speaks for itself. Paragraph 48 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 48 contains any factual allegations, Defendant denies those allegations.

49. Defendant denies each and every allegation contained in Paragraph 49 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves.

50. Paragraph 50 contains partial statements and conclusions of law to which no response is required. To the extent Paragraph 50 contains any factual allegations, Defendant denies those allegations.

## STATEMENT OF FACTS

51. In response to Paragraph 51 of the Complaint, Defendant admits that it operates at 2261 E. 15th Street in Los Angeles, California. Defendant denies each and every remaining allegation contained in Paragraph 51.

52. In response to Paragraph 52 of the Complaint, Defendant admits that it submitted a Notice of Intent to comply with the Industrial Stormwater Permit to the State Board in 1997 and 2015. Defendant denies each and every remaining allegation contained in Paragraph 52.

53. In response to Paragraph 53 of the Complaint, Defendant admits that it submitted a Notice of Intent to comply with the Industrial Stormwater Permit to the State Board in 1997 and 2015. Defendant denies each and every remaining allegation contained in Paragraph 53.

54. Defendant denies each and every allegation contained in Paragraph 54.

55. Defendant denies each and every allegation contained in Paragraph 55.

56. Defendant denies each and every allegation contained in Paragraph 56.

57. Defendant denies each and every allegation contained in Paragraph 57.

58. Defendant denies each and every allegation contained in Paragraph 58.

59. Defendant denies each and every allegation contained in Paragraph 59.

60. Defendant denies each and every allegation contained in Paragraph 60.

61. Defendant denies each and every allegation contained in Paragraph 61.

62. Defendant denies each and every allegation contained in Paragraph 62.

63. Defendant denies each and every allegation contained in Paragraph 63.

64. Defendant denies each and every allegation contained in Paragraph 64.

65. Defendant denies each and every allegation contained in Paragraph 65.

66. Defendant denies each and every allegation contained in Paragraph 66.

67. Defendant denies each and every allegation contained in Paragraph 67.

68. Defendant denies each and every allegation contained in Paragraph 68.

69. Defendant denies each and every allegation contained in Paragraph 69.

70. Defendant denies each and every allegation contained in Paragraph 70.

71. Defendant denies each and every allegation contained in Paragraph 71.

72. Defendant denies each and every allegation contained in Paragraph 72.

73. Defendant denies each and every allegation contained in Paragraph 73. Furthermore, Paragraph 73 misstates the content of the November 29, 2016 email to the Los Angeles Regional Water Quality Control Board. The email states: "A&S has not collected stormwater samples but has developed a system to retain water onsite and/or to pump the stormwater to mobile tanks during scheduled operating hours."

74. Defendant denies each and every allegation contained in Paragraph 74.

75. Defendant denies each and every allegation contained in Paragraph 75.

## FIRST CAUSE OF ACTION

### Discharges in Violation of Permit Prohibitions of the Industrial Stormwater Permit

### (33 U.S.C. §§ 1311, 1342)

76. In response to Paragraph 76 of the Complaint, which incorporates the allegations contained in all preceding paragraphs of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

77. In response to Paragraph 77, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

78. In response to Paragraph 78, Defendant denies each and every allegation.

79. In response to Paragraph 79, Defendant denies each and every allegation.

80. In response to Paragraph 80, Defendant denies each and every allegation.

81. In response to Paragraph 81, Defendant denies each and every allegation.

82. In response to Paragraph 82, Defendant denies each and every allegation

83. In response to Paragraph 83, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

84. In response to Paragraph 84, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

## SECOND CAUSE OF ACTION

**Discharge in Violation of Effluent Limitations of the Industrial Stormwater Permit**

**(33 U.S.C. §§ 1311, 1342)**

85. In response to Paragraph 85 of the Complaint, which incorporates the allegations contained in all preceding paragraphs of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

86. In response to Paragraph 86, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

87. In response to Paragraph 87, Defendant denies each and every allegation.

88. In response to Paragraph 88, Defendant denies each and every allegation.

89. In response to Paragraph 89, Defendant denies each and every allegation.

90. In response to Paragraph 90, Defendant denies each and every allegation

91. In response to Paragraph 91, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

92. In response to Paragraph 92, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

## THIRD CAUSE OF ACTION

### Failure to Develop and Implement an Adequate Storm Water Pollution Prevention Plan, In Violation of the Industrial Stormwater Permit

### (33 U.S.C. §§ 1311, 1342)

93. In response to Paragraph 93 of the Complaint, which incorporates the allegations contained in all preceding paragraphs of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

94. Defendant denies each and every allegation contained in Paragraph 94 on the grounds that the complete 1997 Permit and 2015 Permit speak for themselves.

95. Defendant denies each and every allegation contained in Paragraph 95 on the grounds that the complete Notice of Intent speaks for itself.

96. In response to Paragraph 96, Defendant denies each and every allegation.

97. In response to Paragraph 97, Defendant denies each and every allegation.

98. In response to Paragraph 98, Defendant denies each and every allegation.

99. In response to Paragraph 99, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

100. In response to Paragraph 100, Defendant denies each and every allegation.

101. In response to Paragraph 101, Defendant denies each and every allegation

102. In response to Paragraph 102, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

103. In response to Paragraph 103, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

**<u>FOURTH CAUSE OF ACTION</u>**

**Failure to Develop and Implement an Adequate Monitoring and Reporting Program, In Violation of the Industrial Stormwater Permit**

**(33 U.S.C. §§ 1311)**

104. In response to Paragraph 104 of the Complaint, which incorporates the allegations contained in all preceding paragraphs of the Complaint, Defendant incorporates by reference the responses to said paragraphs as if set forth fully herein.

105. In response to Paragraph 105, Defendant denies each and every allegation.

106. In response to Paragraph 106, Defendant denies each and every allegation.

107. In response to Paragraph 107, Defendant denies each and every allegation

108. In response to Paragraph 108, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

109. In response to Paragraph 109, to the extent Plaintiff alleges conclusions of law, no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to the relief requested or any other relief, on the causes of action asserted and specifically denies each and every and all of the allegations in claims set forth in the prayer of the Complaint.

A. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph A.

B. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph B.

C. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph C.

D. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph D.

E. Defendant denies that Plaintiff is entitled to the relief requested. Furthermore, Defendant denies each and every allegation set forth in sub-paragraph E.

F. Defendant denies that Plaintiff is entitled to the relief requested.

G. Defendant denies that Plaintiff is entitled to the relief requested.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

Defendant alleges that the Complaint and each cause of action therein fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lacks Capacity or Standing)**

Defendant alleges that Plaintiff, and each of its' members, lacks capacity to sue or the requisite standing to bring this claim as required by Article III of the United States Constitution.

**THIRD AFFIRMATIVE DEFENSE**

**(Lacks Jurisdiction)**

Plaintiff's Complaint fails to establish jurisdiction as Plaintiff fails to allege continuing violations of the Clean Water Act. No injunctive relief, civil penalties, or any relief whatsoever may be assessed or imposed unless Plaintiff has alleged violation is continuing at the time of the commencement of the action and at the time of trial. As of the time of commencement of this action, there were no continuing violations of the Clean Water Act. Any alleged violation of the Clean Water Act or the Storm Water Permit are wholly past violations and are therefore not actionable.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failed to Provide Sufficient Notice)**

The Notice of Intent to Sue alleged in Plaintiff's Complaint is defective as the purported Notice failed to sufficiently identify purported violations of the Clean Water Act and to otherwise provide adequate notice as required by the Clean Water Act and the regulations of the U.S. Environmental Protection Agency found at 40 C.F.R. Part 135.

**FIFTH AFFIRMATIVE DEFENSE**

**(Claims are Moot)**

Plaintiff's Complaint and each cause of action therein is barred in whole or in part because Plaintiff's claims are moot. Any and all alleged discharges by Defendant presently comply with all applicable laws and regulations, and there is no reasonable likelihood that future violation of such laws and regulations will occur.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Violations of Statutory Provisions)**

Defendant has not violated any of the statutory provisions cited in Plaintiff's Complaint. At all times, Defendant complied with all statutory and regulatory requirements concerning the activities which are the subject of Plaintiff's Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Improper Party Sued)**

The discharges referred to in Plaintiff's Complaint, if there are any, were caused by acts or omissions of entities or persons other than Defendant and over whom Defendant had no control.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Reliance)**

Defendant, at all relative times relative to the matters which form the subject of Plaintiff's Complaint, acted in reliance upon the directions given to it by the pertinent government regulators.

**NINTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's Complaint and each cause of action therein is barred in whole or in part by the applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's Complaint and each cause of action therein is barred in whole or in part by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Defendant alleges that negligent acts and statutory violations by persons other than Defendant contributed to any alleged damages, and therefore Plaintiff's recovery from Defendant, if any, should be reduced on the basis of comparative fault.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

Defendant alleges that the injuries and damages complained of by Plaintiff, if any, were solely caused by the unlawful conduct or willful act of Plaintiff and/or others, and that by virtue of the same, Plaintiff is barred from recovery herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Duty)**

Defendant owed no duty of care to Plaintiff at all times relevant to this lawsuit. Defendant complied with all applicable laws and regulations and has acted in a careful, reasonable, and prudent manner.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Any prospective recovery herein is barred by the equitable doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Any prospective recovery herein is barred by the equitable doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

At all times herein, Plaintiff has failed to mitigate, reduce or otherwise avoid the alleged damages, if any, thus barring any recovery herein.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Improper Causation)**

The damages Plaintiff claims to have sustained, if any, are in whole or in part, the proximate result of the acts or omissions of persons or entities other than Defendant or any other person for whose acts or omissions Defendant is not responsible.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

If Plaintiff is found to be entitled to recover costs or damages against Defendant, which entitlement Defendant denies, such recovery must be reduced by any and all amounts previously or otherwise obtained by Plaintiff whether by direct payment, offset or otherwise for the alleged damages, if any.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Alleged Damages Not Reasonably Contemplated or Foreseen)**

Any prospective recovery is barred by virtue of the fact that the alleged damages, if any, were not reasonably contemplated or foreseen by the parties.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's Complaint and each cause of action therein is barred by the doctrine of waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Entitlement to Attorneys' Fees)**

Plaintiff is not entitled to attorneys' fees.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Recovery of Penalties Invalid)**

If applicable herein, recovery of penalties is invalid on its face or as applied to Defendant under the Constitution of the State of California and the Constitution of the United States, including, but not limited to, Article I, Section 10 and the First, Fifth, Sixth and Fourteenth Amendments thereto.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Improper Selective Prosecution)**

Plaintiff's prosecution of this Complaint against Defendant is a selective

prosecution in violation of the United States and California Constitutions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary and Indispensable Parties)**

Plaintiff has failed to join necessary and indispensable parties needed for a just adjudication of the claims raised by this proceeding.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

Defendant hereby asserts that some or all of Plaintiff's claims, issues, and/or damages being raised and sought herein are barred by the operation of res judicata and/or collateral estoppel.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Reservation)**

Defendant will rely upon all additional affirmative defenses that become available as a result of information developed through discovery or at trial.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Improper Venue)**

Defendant hereby asserts that the venue and/or the intra-district venue selected for this case is improper and incorrect. As such, Defendant reserves the right to challenge Plaintiff's improper venue selection.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Lacks of Jurisdiction and/or Venue)**

Defendant hereby asserts that the Court lacks jurisdiction and/or venue with respect to some or all of the claims for relief alleged in the Complaint.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Jurisdiction Based on Expiration of the General Permit)**

Plaintiff's Complaint fails to establish jurisdiction as Plaintiff fails to allege continuing violations of the current General Industrial Storm Water Permit. Allegations contained in the Complaint pertain to a previous expired version of the General Permit, which is no longer in effect. No injunctive relief, civil penalties, or any relief whatsoever may be assessed or imposed under the previous expired version of the General Permit. Any alleged violation of the expired General Permit is not actionable.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Claims are Moot Based on Expiration of the General Permit)**

Plaintiff's Complaint and each cause of action therein is barred in whole or in part because Plaintiff's claims are moot. Any and all alleged discharges by Defendant that occurred under the previous General Industrial Storm Water Permit, are expired and, therefore, the allegations are moot. Defendant is presently in compliance with the current General Industrial Storm Water Permit, which came

into effect on July 1, 2015, and there is no reasonable likelihood that future violation of such laws and regulations will occur.

**WHEREFORE**, Defendant prays for judgment as follows:

(a) That Plaintiff takes nothing whatsoever by reason of the Complaint or any claims stated therein;

(b) That the Complaint and any and all claims therein against Defendant be dismissed with prejudice;

(c) That if Defendant is found liable, that the degree of the responsibility and liability for the resulting damages and that Defendant be held liable only for that portion of the total damages in proportion to its liability for the same, if any;

(d) Defendant recovers its costs and reasonable attorneys' fees in this proceeding pursuant to 33 U.S.C. § 1365(d) and such other statutes which may apply; and

(e) The court grant such other and further relief as it may deem just and proper.

Dated: May 15, 2017

Respectfully submitted,

CASTELLÓN & FUNDERBURK LLP

By: /s/William W. Funderburk Jr.
William W. Funderburk, Jr.
Anna L. Le May
Attorneys for Defendant
A & S METAL RECYCLING, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands that this action be tried by a jury.

Dated: May 15, 2017

Respectfully submitted,

CASTELLÓN & FUNDERBURK LLP

By: /s/William W. Funderburk Jr.
William W. Funderburk, Jr.
Anna L. Le May
Attorneys for Defendant
A & S METAL RECYCLING, INC.