CHERYL A. MACKAY
Cheryl.mackay@usdoj.gov
R. JUSTIN SMITH
Justin.smith@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
Law and Policy Section
       Ben Franklin Station, P.O. Box 7415
       Washington, D.C. 20044
       (202) 514-1442
       (202) 514-4231 (fax)

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JORGE LOPEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>A&S METALS RECYCLING INC.,<br><br>        Defendant. | No. 2:17-CV-01735-GW-AFM<br><br>**UNITED STATES' NOTICE OF FEDERAL REVIEW AND FILING OF BRIEF SETTING FORTH VIEWS BY OCTOBER 29, 2018**<br><br>The Honorable George H. Wu |

## UNITED STATES' NOTICE OF FEDERAL REVIEW AND FILING OF BRIEF SETTING FORTH CONCERNS BY OCTOBER 29, 2018

The United States has reviewed the parties' proposed settlement agreement, attached as Exhibit 1, pursuant to Clean Water Act section 505(c)(3), 33 U.S.C. § 1365(c)(3).  We have a number of concerns with the proposed agreement, and will file a brief by October 29, 2018, setting forth these concerns in detail.  We have attempted to resolve our concerns with Plaintiff's counsel, but those discussions have been

1

unsuccessful.  The United States requests that this court not close this case or enter an order dismissing Plaintiff's claims prior to consideration of our submission.

The Clean Water Act provides for a review period of at least 45 days for the United States to review any "consent judgment" that resolves a citizen suit action.  33 U.S.C. § 1365(c)(3).  Plaintiff's counsel takes the position that review of their settlement instrument is inappropriate because the parties chose to frame it as a private settlement agreement rather than a consent decree.  Such a narrow construction of the statutory term "consent judgment" would undermine the purpose of the Clean Water Act's review provision, and must be rejected.  In anticipation of further arguments along similar lines, in this filing we explain why the parties' proposed settlement instrument is subject to review by this Court and by the United States.

## FACTUAL BACKGROUND

Plaintiff filed the complaint in this case on March 3, 2017, alleging violations of the Clean Water Act, 33. U.S.C § 1251 *et seq*., and the State of California's National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001, Water Quality Order No. 92012-DWQ, as superseded by Order No. 97-03-DWQ and 2014-0057-DWQ ("the Permit"), related to alleged stormwater discharges from Defendant's property.  The Department of Justice received a copy of the proposed settlement agreement that would resolve the parties' claims on August 17, 2018, and notified the parties that the mandatory federal review period would end on October 1, 2018.  On August 23, 2018, Plaintiff filed a Notice of Settlement stating that the parties intend to file a stipulation to dismiss this action with prejudice on October 2, 2018.  Dkt. 34.  The United States presumes Plaintiff refers to a stipulation of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

The United States reviewed the proposed settlement agreement and, on September 19, 2018, informed the parties that the United States had identified a number of concerns with the agreement, and sought to resolve them with the parties.  The United States

2

explained:

- Paragraph 16 requires Defendant to pay $1,000 each time a "Level 2 ERA plan" is filed with the California's Regional Water Resources Control Board.  Because these plans are required to be filed pursuant to the Permit, this payment would appear to penalize permit compliance and thus contravene public policy.

- Paragraph 26 includes a confidentiality provision whose plain language attempts to bind the United States.  Provisions binding the United States are not permissible. *See Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (explaining the Attorney General is not bound by cases to which he was not a party).

- The $67,500 attorney's fee payment in Paragraph 17 appears excessive.

The United States then requested that the parties revise Paragraphs 16 and 26, and provide a copy of Plaintiff's counsel's contemporaneous billing records for the case, to allow the United States to evaluate the reasonableness and appropriateness of the attorney's fees and advise the Court accordingly.  The United States asked to receive this information by September 26, and asked the parties to stipulate to an extension of the federal review period until October 29, or 30 days after our receipt of the information, whichever is sooner, to allow the United States adequate time to review it. The next day, September 20, Defendant's counsel replied that his client would stipulate to the extension and that he would contact Plaintiff's counsel to discuss the requested modifications.  On September 21, Plaintiff's counsel responded that he would not agree to any of the United States' requests, and re-affirmed that view in a telephone call initiated by counsel for the United States that same day.[1]

The United States' concerns with the Clean Water Act citizen suit practice of

---

[1] In a subsequent email, notwithstanding the plain language of the confidentiality provision, Plaintiff's counsel asserted that, "neither the confidentiality provision, nor any other provision of the private settlement, binds any non-party, including the United States."  Plaintiff's counsel did not, however, provide an amended settlement agreement reflecting this interpretation.

3

Plaintiff's counsel, Brodsky & Smith, extend beyond the proposed settlement agreement in this case.  Since 2016, Brodsky & Smith has filed approximately 160 Notices of Violation that would initiate a Clean Water Act citizen enforcement action, resulting in 18 filed cases and 36 known settlements, both in and out of court.  The United States estimates that these cases (both filed and unfiled) have resulted in agreements to pay over $700,000 in legal fees to Brodsky & Smith in approximately two years' time.  None of the settlements the United States has reviewed contain robust injunctive relief and many contain confusing or counter-productive terms and provisions that are inconsistent with the goals of the Clean Water Act and the government's enforcement program.  The United States is concerned that Brodsky & Smith is bringing cases under the Clean Water Act citizen enforcement program and securing payments of attorney's fees without obtaining meaningful relief that would advance the purposes of the Clean Water Act.  Every time the United States has asked for contemporaneous billing records to support Brodsky & Smith's fee awards, the firm has refused to provide them.

The United States has expressed similar concerns to the courts in cases before the U.S. District Court for the Central District of California on a number of recent occasions.[2]  In one case, where a third-party mediator was retained and assisted in the negotiations, a consent decree was entered over the United States' opposition.[3]  Other cases are still pending.

I.    **THE COURT AND THE UNITED STATES HAVE JURISDICTION TO REVIEW THE PROPOSED SETTLEMENT AGREEMENT**

---

[2] *See Garcia v. Miller Castings*, Case No. 2:17-cv-07408-AB-AGR (C.D. Cal.); *Lares v. Reliable Wholesale Lumber, Inc.,* Case No. 8:18-cv-00157-JLS-ALR (C.D. Cal.); *Lunsford v. Arrowhead Brass & Plumbing*, Case No. 2:16-cv-08373-PS-KS (C.D. Cal.); *Lares v. Net Shapes*, Case No. 5:17-cv-00625-SJO-MRW (C.D. Cal.); *Jones v. Raymer Metals*, Case No. 2:17-cv-00546-TGH-MRW (C.D. Cal.); *Dominguez v. Commercial Castings Co.*, Case No. 5:17-cv-00622-JGB-SP (C.D. Cal.).

[3] *See Lunsford v. Arrowhead Brass & Plumbing*, Case No. 2:16-cv-08373 (C.D. Cal.).

4

## A. The Plain Language of the Clean Water Act Allows for Review

The text of the Clean Water Act provides:
No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

33 U.S.C. § 1365(c)(3).  Plaintiff's position, that the parties to a citizen enforcement action can negate the Court's and the United States' jurisdiction by resolving a CWA citizen enforcement action through a private settlement and then stipulating to the dismissal of the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) is incorrect.  If upheld, it would undermine both the United States' role and the Court's role in reviewing Clean Water Act citizen suit consent judgments.

The parties' proposed settlement is a "consent judgment" as contemplated by Congress, and is subject to the CWA review provision.  When drafting the CWA citizen suit provisions Congress referred to a "consent judgment" rather than a "consent decree."  A consent judgment is defined as "a contract acknowledged in open court and ordered to be recorded" that "binds the parties as fully as other judgments." *Judgment (2)*, Black's Law Dictionary (10th ed. 2014).  The term a "consent decree" typically entails judicial entry, but a consent judgment may also be defined "as a bilateral contract which is voluntarily signed by the parties and accepted by the court" or "a solemn contract or judgment of the parties put on file with the sanction and permission of the court."  49 C.J.S. Judgments § 227 (Nature of judgment by consent).  *See also* Intell. Prop. L. Bus. Law. § 5:26 (Remedies—Consent judgments) (2017-2018 ed.) (explaining that consent judgments are often used to settle patent infringement suits where the subject of the lawsuit can be better defined by the parties than the court, though the parties still seek judicial enforcement).  Thus, the term "consent judgment" is used to refer to voluntary agreements subject to judicial enforcement or judicial acceptance.

The settlement agreement itself shows it squarely falls within the definition of a consent judgment. The proposed agreement states that in the event of a dispute, if Plaintiff contends that the injunctive terms of the settlement are not being fulfilled, Plaintiff "shall file a motion to enforce the settlement in the civil action number of this case and seek an Order compelling compliance." Settlement Agreement § 34 (Exh. XX). Similarly, in the event of a dispute the ultimate arbiter is "motion to the District Court." Settlement Agreement § 33.   Direct judicial enforcement of a voluntary agreement by the parties establishes this is a consent judgment, under the definitions discussed above.[4]

## B. Allowing Review of the Parties' Settlement Agreement is Consistent With Congressional Intent

Allowing the parties to a citizen enforcement action to evade review would undermine Congress's intent in allowing for the oversight of the United States and the courts.  This oversight is particularly important in cases where attorney's fees are awarded.

In enacting CWA section 505, Congress explained that the review provisions would allow the United States to monitor each case, and advise the court when "some ruling or decree would be inconsistent with the government's enforcement program or interpretation of the law."  131 Cong. Rec. S3645 (daily ed. March 28, 1985). Congress further recognized that its allowance for attorney's fees in citizen enforcement litigation could incentivize frivolous lawsuits that generate income for plaintiffs' counsel without advancing the purposes of the CWA.  Congress explained judicial review was necessary to ensure fees were awarded only when reasonable and appropriate:

Subsection (d) allows the court to award to any party the costs of litigation, including reasonable attorney and expert witness fees, whenever the court considers this to be appropriate.  Concern was expressed during the hearings that

---

[4] We note a settlement agreement lacking such a provision still could be within the scope of the statutory language requiring United States review, and as it would be "accepted by the court."

inclusion of a "citizen suit" provision would lead to frivolous and harassing legal actions. . . . [P]ermitting the court to award costs of litigation whenever it believes that it is appropriate to do so . . . should have the effect of discouraging abuse of the "citizen suit" provision.

H.R. Rep. No. 911, 92d Cong., 2d Sess. 133-34 (1972); *see also* S. Rep. No. 414, 92d Cong., 1st Sess. 81 (1972).  Congress envisioned that the United States, in its review, would advise the court, and potentially object, to any settlement that appeared "abusive, collusive, or inadequate."  133 Cong. Rec. 737 (daily ed. Jan. 14, 1987); *see also Sierra Club v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1352 n.2 (9th Cir. 1990) (if it finds that the proposed judgment is not in accordance with the [Clean Water] Act, the United States can object.").  Plaintiff's position, if upheld, would create a loophole for parties seeking to evade federal and judicial review of citizen enforcement and the associated attorney's fees, thus undermining ability of the United States and the courts to conduct an effective review and to take meaningful action in the face of abuse.

### C. Caselaw Confirms that Review Here is Appropriate

The United States District Court for the Eastern District of California recently held that a "private settlement agreement" resolving a CWA citizen suit qualifies as a "consent judgment" for purposes of review under CWA section 505(c)(3), and granted the United States' motion recognizing the right of both the Court and the United States to review such an agreement.  *See* August 30, 2018, Order in *California Sportfishing Protection Alliance v. Forever Resorts, LLC*, Case No. 2:16-cv-01595-MCE-EFB (E.D. Cal.) (Exh. 2).  The *Forever Resorts* Court explained that while a stipulation of dismissal under Rule 41(a)(1)(A)(ii) ordinarily would not require a court order, and thus would not require court review or government oversight, such a stipulation of dismissal also is expressly subject to federal statutory requirements, which must be considered.  *Id.* at 2.  *See* Fed. R. Civ. P. 41(a)(1)(A) (dismissal without a court order is "subject to . . . any applicable statute).  Here, as in *Forever Resorts*, the applicable statute is the Clean Water

Act, which expressly provides for United States review under 33 U.S.C. § 1365(c)(3).[5]

If the Court does not retain jurisdiction during this statutory review period, as the court in *Forever Resorts* acknowledged, the United States' opportunity for review is greatly diminished. *Forever Resorts* Order at 3. While recognizing that a consent judgment and a private settlement and stipulation of dismissal are not exactly the same thing, the court explained that the purpose of the CWA's statutory review period is "to provide the Government with the opportunity to ensure that the proposed consent judgment is in the public interest and promotes the goals of the Act 'by seeking to restore and maintain the chemical, physical and biological integrity of the nation's waters.'" *Id.*, citing 33 § U.S.C. 1251(a). This Court should retain jurisdiction over CWA citizen suits until the United States has completed its review, regardless of the mechanism by which the parties wish to resolve the matter.

In similar situations, outside of the Clean Water Act, other courts have recognized that judicial review is appropriate prior to a voluntary dismissal pursuant to Rule 41(a) becoming effective. For example, in *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38 (E.D.N.Y. 2014), which involved claimed violations of the Fair Labor Standards Act (FLSA), the parties settled their claims and sought dismissal, arguing that dismissal was appropriate before the completion of fairness hearings mandated by FLSA. The court recognized that judicial oversight of settlements "guards against settlement in which plaintiffs' attorneys keep the lion's share of the proceeds for themselves" and promotes uniformity of settlements. *Id.* at 41. The court concluded that allowing Rule 41 to trump

---

[5] Voluntary dismissal under Rule 41(a) is not only subject to "any applicable federal statute"; it also is subject to Rules 23(e), 23.1(c), 23.2, and 66. In subjecting voluntary dismissal to these rules and federal statute, the Judicial Conference (and the Supreme Court, who promulgates these rules pursuant to the Rules Enabling Act, 28 U.S.C. 2072(a)) demonstrated its intent that judicial review would be permitted in the face of voluntary dismissal in certain circumstances. *See* Fed. R. Civ. Pro. 23(e) (allowing judicial review of a class action); Fed. R. Civ. Pro. 23.1(c) (allowing judicial review of a derivative action); Fed. R. Civ. Pro. 23.2 (allowing judicial review of voluntary dismissals brought by or against the members of an unincorporated association); Fed. R. Civ. Pro. 66 (requiring judicial review prior to dismissal of an action in which a receiver is appointed).

the review provisions in the statute would nullify the purposes of the statute and would thwart the legislative policies it was designed to effectuate.  *Id.*  Furthermore, even when review isn't provided by statute, courts have explained they have jurisdiction to review a settlement agreement to determine if improper conduct gave rise to the stipulated dismissal. *See Gumbel v. Pitkin*, 124 U.S. 131, 146, 8 S.Ct. 379, 384, 31 L.Ed. 374 (1888) (recognizing the inherent power of federal courts to "prevent abuse, oppression and injustice")*; United States v. Mercedes-Benz of N. Am., Inc.*, 547 F. Supp. 399, 400 (N.D. Cal. 1982) (citing *Gumbel*).  Thus, jurisdiction is appropriate here.

Plaintiff has cited *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, n.7, 121 S. Ct. 1835, 149 L.Ed. 2d 855 (2001), to support the contrary position, that the settlement agreement in this case is not subject to review.  While *Buckhannon* does recognize the general principle that private settlements do not normally entail the judicial approval and oversight involved in consent decrees, *Buckhannon* did not involve a private settlement meant to resolve a case brought under a federal statute expressly requiring federal and judicial review of settlements, and thus is distinguishable.  Indeed, in the very same *Buckhannon* footnote cited by Plaintiff, the Court referenced a case which explained that there are certain circumstances when courts do retain jurisdiction after a Rule 41(a)(1)(ii) dismissal, including when there is an "independent basis for federal [judicial] jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 382, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).[6]  A federal statute expressly requiring federal and judicial review is such an independent basis and this Court thus has jurisdiction to review the terms of this settlement instrument to determine if dismissal is proper.

---

[6] It is odd for Plaintiff to choose *Buckhannon* to support his position— the issue of reviewability of a private settlement is dicta in that case, and only briefly discussed in a footnote.  *Buckhannon* normally is cited for the principle that a party must either secure a judgment on the merits or secure a court-ordered consent decree in order to qualify as a "prevailing party" entitled to an award of attorney's fees.  *See Buckhannon*, 532 U.S. at 598.  If Plaintiff is not seeking a judgment here, the holding in *Buckhannon* might suggest Plaintiff is not eligible for any CWA fee award at all.

## CONCLUSION

The citizen suit provisions in the Clean Water Act provide for review of consent judgments, regardless of whether these consent judgments take the form of "consent decrees," "private settlement agreements," or something else.  This review is particularly appropriate when attorney's fees are awarded, there are signs of abusive activity, and the settlement agreement itself shows the parties intended for the court to maintain a role in the case.  In order for federal and judicial review to be effective, the Court must retain jurisdiction.

For the reasons discussed above, this Court should delay entry of any order dismissing Plaintiff's claims or closing this case prior to consideration of the United States' submission on or by October 29.  Such a delay would support both the United States' and the Court's review of the proposed settlement agreement in this case, and Brodsky & Smith's practices generally.

Dated:  October 1, 2018          Respectfully submitted,


                                 */s/ Cheryl A. Mackay*
                                 CHERYL A. MACKAY
                                 Cheryl.mackay@usdoj.gov
                                 R. JUSTIN SMITH
                                 Justin.smith@usdoj.gov
                                 United States Department of Justice
                                 Environment and Natural Resources Division
                                 Law and Policy Section
                                 Ben Franklin Station, P.O. Box 7415
                                 Washington, D.C. 20044
                                 (202) 514-1442
                                 (202) 514-4231 (fax)

                                 Attorneys for the United States

10

**PROOF OF SERVICE**

On this 1st day of October 2018, this UNITED STATES' NOTICE OF FEDERAL REVIEW AND FILING OF BRIEF SETTING FORTH VIEWS BY OCTOBER 29, 2018, was served on counsel of record by electronic filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 1st day of October, 2018.


                                  */s/ Cheryl A. Mackay*

                                  Cheryl A. Mackay, Attorney
                                  United States Department of Justice
                                  Environment and Natural Resources Division
                                  Law and Policy Section
                                  P.O. Box 7415
                                  Washington, D.C.  20044
                                  (202) 514-1307